454

## PHOENIX–APOLLO STEEL CO. v. ATLAS TACK CORPORATION.

### Civ. No. 8281.

United States District Court
D. Massachusetts.

May 20, 1949.

Robert W. Meserve, Nutter, McClennen & Fish, Boston, Mass., for Phoenix-Apollo Steel Co.

Arthur T. Garvey, Springfield, Mass., for Atlas Tack Corporation.

McCARTHY, District Judge.

This motion of the plaintiff to strike certain parts of the defendant's answer came before me at the short motion session on May 16, 1949, and was taken under advisement.

Plaintiff argues that certain designated portions of the defendant's answer are so vague, general, and indefinite as not to apprise the plaintiff of the defenses intended to be raised thereby and that the said portions constitute in substance counterclaims and not defenses.

A careful reading of the defendant's answer convinces me that there is merit to the plaintiff's argument. These are pleadings which may well cause confusion at the trial of the action.

It may well be—although I do not so decide at this time—that the defenses raised by the defendant in its answer are not legally sufficient, as the plaintiff alleges. However, as plaintiff admits, they may constitute counterclaims. Inasmuch as Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A. provides that "when a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation", the plaintiff's motion to strike is denied. Burke v. Western Newspaper Union, D. C., D. Mass., 9 F.Supp. 343; Blake v. Clyde Porcelain Steel Corp., D. C., S.D.N.Y., 9 F. R.D. 1070.

Although the language of the challenged portions of the answer militates against such a construction, it may be that the defendant does not intend to set up a counterclaim but to rely on his "Defenses" qua defenses. If such be the case, then the interests of justice, clarity, and an orderly

trial seem to require that the defendant enlighten the plaintiff as to the future course of the litigation. I shall, therefore, order that the defendant re-frame its answer in such a manner that it shall clearly appear whether (a) sentences two (2) and three (3) in paragraph three (3) constitute a defense or a counterclaim, and, (b), whether paragraphs five (5), six (6), and seven (7) constitute defenses or counterclaims, respectively.

To safeguard fully its rights, the plaintiff has leave to renew the motion to strike at any time before pre-trial, in the event that the defendant shall continue to rely upon any of the matters specified in (a) and (b) as defenses, rather than as counterclaims. In the interim, plaintiff has at its disposal the several methods of discovery provided under the Rules.

 If the defendant elects to treat the aforementioned portions of the answer as counterclaims, it shall set out its claims for relief in accordance with Rules 8 and 13, Federal Rules of Civil Procedure, and with sufficient particularity that the plaintiff shall be able to serve a reply under Rule 7.

The defendant shall have thirty days from the filing of this memorandum in which to serve its amended answer and/or counterclaim(s) upon the plaintiff.

The order, then, is: Plaintiff's motion to strike denied with leave granted to renew at any time before pre-trial, defendant to amend its answer in conformity with this memorandum.